IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BARBARA BARRETT, | Civil No. 96-3165 (RBK/JS) |
| Plaintiff, | |
| v. | **OPINION** |
| ARTHUR J. GALLAGHER & CO., GALLAGHER BASSETT SERVICES, INC., JOHN LaMACCHIA, JOHN MOHAN, JON BOUB, MIKE DORNE, and WILLIAM RUFF, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of *pro se* Plaintiff Barbara Barrett ("Plaintiff") to reopen her case almost fifteen years after it was dismissed. *See* Doc. No. 68. In essence, she asserts that defense counsel in this matter had a conflict of interest and that the judgment against her should therefore be vacated. Because Plaintiff has failed to establish the type of extraordinary circumstances required to grant a motion to reopen under Federal Rule of Civil Procedure 60(b), and because she did not seek this relief within a reasonable time, her motion will be denied.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

From 1989 until 1994, Plaintiff was employed as a claims adjuster by Defendant Gallagher Bassett Services ("Gallagher Bassett"), a property and casualty third party administrator. Defs.' Letter Br. in Opp., Exh. A. In 1996, she filed a workplace gender

1

discrimination action *pro se* in New Jersey Superior Court against Defendants Arthur J. Gallagher & Co. and Gallagher Bassett Services, Inc., as well as several fellow male employees (collectively, "Defendants"). Defs.' Letter Br. in Opp. to Mot. to Reopen, Exh. A (Doc. No. 71). In her complaint, Plaintiff claimed violations of the Equal Pay Act and the New Jersey Law Against Discrimination. *See* 29 U.S.C. § 206(d) (2007); N.J. Stat. Ann. § 10:5-1 (West 2013); Defs.' Letter Br. in Opp., Exh. A. Her main grievance was that on several occasions, her employer denied her access to advancement opportunities in favor of her male coworkers. *Id.* She also asserted that her pay and benefits were significantly less than those of her male counterparts. Pl.'s Mem. of Law in Supp. of Mot. to Reopen.[1] On one occasion, after filing several discrimination grievances directly with her employer, Plaintiff became particularly distraught when another male college was given a managerial position that she had sought for herself. Defs.' Letter Br. in Opp., Exh. A. Plaintiff eventually resigned from Gallagher Bassett due to her distress. *Id.* She asserts that she suffered emotionally, financially, and psychologically due to the alleged discrimination and her subsequent unemployment. Pl.'s Third Am. Compl. ¶¶ 34, 79, 84.

Defendants removed this action to federal court, where it was assigned to the Hon. Stephen Orlofsky. Defs.' Letter Br. in Opp. at 1. On June 30, 1998, Judge Orlofsky granted Defendants summary judgment on all of Plaintiff's claims. *Id.* In his opinion, Judge Orlofsky noted that many of Plaintiff's claims were time-barred, while her remaining claims were not supported by competent evidence of discrimination. *Id.*

Some fifteen years later, in December of 2012, Plaintiff filed the instant motion to reopen her case. She bases her motion to reopen upon allegations that Defendants' counsel, Lawrence

---

[1] Plaintiff's brief is handwritten and contains no subheadings or page numbers. Therefore, the Court is unable to cite to this document with greater specificity.

Sarowitz of the firm of Edelstein, Mintzer & Sarowitz, had a conflict of interest. Pl.'s Mem. of Law in Supp. Specifically, Plaintiff asserted that this conflict existed because an attorney at Mr. Sarowitz's former firm, Slimm, Dash and Goldberg, had prepared her prenuptial agreement in 1986. *Id.* In her brief, Plaintiff acknowledged that she had raised this issue with Defense counsel at some point between 1996 and 1998 as her case was being actively litigated. *Id.* At that time, she was told by Mr. Sarowitz that there was no conflict. *Id.* She took no further steps to press this point before Judge Orlofsky or anyone else involved in the litigation. *Id.*

**II.     STANDARD**

A court's ability to relieve a party from a final judgment is governed by Federal Rules Civil Procedure 60(b) and (c). A party may seek 60(b) relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence . . .;
>
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). With respect to Rule 60(b) motions asserted under subsections (1)-(3), such motions must be filed within one year after entry of the judgment order or the date of the proceeding in question. Fed. R. Civ. P. 60(c)(1). All other motions asserted under this rule must be made "within a reasonable time." *Id.*

Further, a party may seek relief under 60(b)(6) only when relief under 60(b)(1)-(5) is unavailable. *See Howard Int'l, Inc. v. Cupola Enters.*, *LLC*, No. 01-1205, 2006 WL 625210 at

3

*1 (D.N.J. Mar. 10, 2006) (citing *Stradley v. Cortez*, 518 F.2d 488, 493-94 (3d Cir. 1975)). In addition, a party pursuing 60(b)(6) relief bears the heavy burden of demonstrating the existence of "extraordinary circumstances" that would justify reopening the judgment. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). In this Circuit, "'[a] healthy respect for the finality of judgments demands no less' than this stringent showing." *Marshall v. Bd. of Ed. Bergenfield N.J.*, 575 F.2d 417, 426 n.28 (3d Cir. 1978) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)); *See also Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 913 (3d Cir. 1977) (finding that there must be sufficient evidence of circumstances so extraordinary that the court's overriding interest in the finality of judgments can be properly overcome). Establishing extraordinary circumstances therefore requires the moving party to show that, without relief from judgment, "'an extreme and unexpected hardship will result.'" *See Budget Blinds*, 536 F.3d at 255 (quoting *Mayberry*, 558 F.2d at 1163). "[E]xtraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Budget Blinds*, 536 F.3d at 255. Finally, a party's 60(b)(6) motion "must be fully substantiated by adequate proof and its exceptional character must be clearly established." *Muhammad v. New Jersey*, No. 10-213, 2012 WL 4191915 at *3 (D.N.J. Sept. 18, 2012) (quoting *FDIC v. Alker,* 234 F.2d 113, 116–17 (3d Cir.1956)).

### III. DISCUSSION

Considering Plaintiff's arguments in support of her motion, it is clear that the Court must deny her request for relief. The three provisions that are potentially relevant to Plaintiff's motion are 60(b)(1), (3) and (6).[2] To the extent she seeks relief under 60(b)(1) or (3), her motion

---

[2] Plaintiff does not explicitly offer a basis for her motion. Specifically, she does not reference Rule 60(b) or any particular subsection thereof in her moving papers, but it is clear that the arguments she makes in support of her motion render Rule 60(b)(2)-(5) inapplicable.

4

immediately fails because those provisions require that the moving party file within a year of the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). In this case, Plaintiff filed her motion over fourteen years after judgment was entered.

Because Plaintiff cannot obtain relief under 60(b)(1) or (3), her remaining option is 60(b)(6), the so-called "catch-all provision." *See Budget Blinds*, 536 F.3d at 251; *Howard Int'l, Inc. v. Cupola Enterprises, LLC*, No. 01-1205, 2006 WL 625210 at *1 (D.N.J. Mar. 10, 2006). Plaintiff is foreclosed from 60(b)(6) relief, however, because she has not come close to meeting her heavy burden of demonstrating "extraordinary circumstances" that would warrant the reopening of her case. Of the thirty-nine pages of Plaintiff's brief, only two appear to be relevant to the conflict of interest issue on which she apparently bases her motion.[3] Simply stated, Plaintiff has not provided sufficient evidence that a conflict existed because she has not established that her employment discrimination case was substantially related to the prior matter of her prenuptial agreement. *See* N.J RPC 1.9 (providing that "[a] lawyer who has represented a client in a matter shall not thereafter represent another client *in the same or a substantially related matter* in which that client's interests are materially adverse to the interests of the former client unless the former client gives informed consent confirmed in writing.") (emphasis added). Further, Plaintiff failed to demonstrate that she would suffer extreme and unexpected hardship if she were not relieved from judgment. *See Budget Blinds*, 536 F.3d at 255. Throughout her brief, Plaintiff discusses personal and financial setbacks she suffered as a result of the alleged discrimination and her departure from Gallagher Bassett, but at no point does she explain how she would suffer extreme and unexpected hardship if her judgment were to remain closed. In

---

[3] Plaintiff's brief is difficult to read due to illegible handwriting in parts and a meandering and disjointed line of argument. As best as can be comprehended, the remaining pages of Plaintiff's brief appear to discuss the alleged discrimination she faced, her theories as to the constitutional basis for her discrimination claim, as well as her stream of consciousness musings on slavery, segregation, sexuality, and the military.

5

addition, Plaintiff has not demonstrated extraordinary circumstances because, as she admits in her brief, she was aware of this perceived conflict issue at the time this matter was proceeding but took no action. It was not until she filed this motion more than sixteen years after this matter first commenced that she presented this issue to the Court. Such a "deliberate choice[]" to refrain from pursuing the potential conflict issue effectively precludes a finding of extraordinary circumstances. *See id.* Thus, Plaintiff has not met her Rule 60(b)(6) burden.

In the alternative, Plaintiff cannot obtain 60(b)(6) relief because her motion was not made within a reasonable time. Plaintiff's motion comes before the Court over fourteen years after judgment was entered against her. The Third Circuit has found much shorter delays to be unreasonable. *See, e.g.*, *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding that a two-year period between the district court's judgment and the plaintiffs' 60(b)(6) motion did not constitute a "reasonable time."). Plaintiff has offered no explanation as to why she waited so long to file this motion. Accordingly, the Court concludes that she failed seek such relief within a reasonable time.

In summary, because Plaintiff failed to prove that a conflict existed, that such a conflict constitutes extraordinary circumstances necessitating the reopening of her case, and because her application to this Court was not made within a reasonable time, her motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to reopen pursuant to Federal Rule of Civil Procedure 60(b) will be denied. An appropriate order shall issue today.

Dated:  8/7/2013  /s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge